# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GERALD DAVID SHUPE, JR.,           ) | |
|                     Plaintiff,     ) | |
| v.                                 ) | Case No. CIV-08-224-HE |
|                                    ) | |
| CORRECTIONS CORPORATION OF         ) | |
| AMERICA (CCA); NORTH FORK          ) | |
| CORRECTIONAL FACILITY (NFCF);      ) | |
| FRED FIGUEROA, Warden CCA NFCF;    ) | |
| BRENT CROUSE, Deputy Warden, CCA   ) | |
| NFCF; RICK GALINDO, Chief of Security, ) | |
| CCA NFCF; ZACHARY SMITH, Inmate,   ) | |
| Wyoming Department of Corrections, ) | |
|                                    ) | |
|                     Defendants.    ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

Three motions are pending. Plaintiff has filed a Motion to Dismiss Defendants Galindo and Smith [Doc. #26].[1] Defendants CCA, Figueroa and Crouse have moved for dismissal for failure to exhaust administrative remedies and failure to state a claim upon which relief may be granted (CCA Defendants' Motion) [Doc. #19]. Plaintiff has responded

---

[1] To date, neither Galindo nor Smith have been served, and Plaintiff states that he wants to dismiss all claims against these Defendants because does not believe he can locate them for service. Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion . . . – must dismiss the action without prejudice against the defendant[.]" It is recommended that Plaintiff's Motion to Dismiss these unserved Defendants be granted.

to the CCA Defendants' Motion (Plaintiff's Response) [Doc. #27]. Defendant NFCF has filed a separate Motion to Dismiss [Doc. #24] and Plaintiff has responded [Doc. #28].[2]

It is recommended that Plaintiff's Motion to Dismiss Defendants Galindo and Smith be granted. It is further recommended that the Motion to Dismiss of Defendant NFCF be granted. Finally, it is recommended that the Motion to Dismiss of the CCA Defendants be treated as a motion for summary judgment as to their affirmative defense that Plaintiff has failed to exhaust his administrative remedies and that all claims against the CCA Defendants be dismissed based on Plaintiff's failure to exhaust administrative remedies.

## I.   Background

Plaintiff was transferred to NFCF on July 19, 2006. Plaintiff's Response at 2.[3] Plaintiff states that he had been held in protective custody at the facility in which he had previously been incarcerated and that on July 20, 2006, he expressed his concern to Defendants Figueroa and Crouse about being assigned to the general population at NFCF. Plaintiff states that Lewis Witherspoon, Contract Monitor for the Wyoming Department of Corrections, was present during Plaintiff's meeting with Defendants Figueroa and Crouse and that Mr. Witherspoon specifically told these Defendants to keep Plaintiff separated from

---

[2]Defendant NFCF correctly asserts that it is not a suable entity because it lacks a legal identity apart from CCA. *See Ketchum v. Albuquerque Police Department*, 958 F.2d 381, 1992 WL 51481 at *3 (10th Cir. Mar. 12, 1992) (unpublished op.). In his Response to Defendant NFCF's Motion to Dismiss, Plaintiff agrees that all claims against NFCF should be dismissed.

[3]In his Complaint, Plaintiff states that he was transferred to NFCF on June 19, 2006, and that the incident upon which this action is based occurred on June 25, 2006. It is clear from the record that these dates are incorrect. Plaintiff's Response to the CCA Defendants' Motion to Dismiss contains a clear statement of Plaintiff's claims with correct dates.

Inmates Zachary Smith and Christopher Warner. Plaintiff's Response at 3. According to Plaintiff, he, Smith and Warner were all originally assigned to "Bravo North," but the three were in separate cells and locked down. On July 20, 2006, Inmates Smith and Warner were moved to a different housing unit, "Alpha South." Plaintiff states that Defendant Galindo told him that the two had been moved to a different housing unit, that NFCF does not have a protective custody unit, and that Plaintiff would be released to the general population and would "just have to deal with it." Plaintiff's Response at 3.

On July 23, 2006, Inmate Smith physically attacked Plaintiff as the two were leaving the inmate dining facility. According to Plaintiff, Defendant Crouse ordered unidentified officers to use a chemical agent, pepper spray, to stop the attack. Both Plaintiff and Inmate Smith were transferred to the Special Management Unit and placed on disciplinary status. Response at 4-5.

Plaintiff states that he submitted a grievance on August 31, 2006,[4] that the grievance was ignored, and that he mailed another grievance to Defendant Figueroa on October 9,

---

[4]Plaintiff has attached a Form 14-5A grievance form consisting of three pages, all dated August 31, 2006, referencing Inmate Smith's July 23, 2006, attack on Plaintiff. *See* Response, Exhibit A at 2-4. In the "Requested Action" section of the grievance, Plaintiff requested information as to "why Mr. Witherspoon's instructions were not followed," and "what preventative action was undertaken." He also requested a copy of the investigative report of the July 23, 2006, incident and suggested that empty housing units designated as Echo North, Charlie North and Charlie South be used as a protective custody unit. *Id.* at 4.

2006.[5]  Plaintiff states that he submitted a "Grievance Worksheet" on July 23, 2006, but he does not state whether the Grievance Worksheet was addressed.

## II.     Claims Presented

Plaintiff alleges violations of his Eighth Amendment right to be free of cruel and unusual punishment.  His claim is based on his contention that Defendants failed to protect him from the attack by Inmate Smith.  Plaintiff also contends that the correctional officers who sprayed him with pepper spray had not been properly trained.

## III.    CCA Defendants' Motion

Defendants have raised the affirmative defense of Plaintiff's failure to exhaust administrative remedies as required by the PLRA, 42 U.S.C. § 1997e(a), and have attached materials outside the pleadings in support of this affirmative defense. *See Jones v. Bock*, 127 S.Ct. 910, 921 (2007) (failure to exhaust administrative remedies is an affirmative defense under the PLRA). Therefore, with respect to the issue of exhaustion of administrative remedies, the Defendants' motion to dismiss is construed as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); 56.

### B.     Standard of Review

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there

---

[5]The October 9, 2006 "grievance" is in the form of a letter sent to Defendant Figueroa after Plaintiff was transferred to the Wyoming State Penitentiary Complex in Rawlins, Wyoming.  The letter seeks a "fair settlement" of Plaintiff's claims and states that absent a settlement, "a formal complaint will be lodged against you."  Plaintiff's Response, Exhibit A at 5-9.

is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). To defeat a motion for summary judgment, evidence must be based on more than mere speculation, conjecture or surmise. *Rice v. United States*, 166 F.3d 1088, 1091-1092 (10th Cir. 1999). Moreover, the existence of a factual issue does not preclude entry of summary judgment where there is no evidence to support a dispute on that issue or the evidence is so one-sided that no reasonable juror could find for the other side. *True v. United States*, 190 F.3d 1165, 1177 (10th Cir. 1999).

When an affirmative defense is raised in a motion for summary judgment, the defendant must demonstrate that "no disputed material fact exists regarding the affirmative defense asserted." *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997). "If the defendant meets this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact." *Id*. "If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant is then entitled to summary judgment as a matter of law." *Id*.

### C.   **Exhaustion of Administrative Remedies**

Because Plaintiff has failed to properly exhaust his administrative remedies, judgment should be summarily entered in favor of the CCA Defendants.

The PLRA mandates exhaustion of administrative remedies in actions, such as this one, challenging prison conditions:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  Failure to exhaust administrative remedies is an affirmative defense. *See Jones v. Bock*, 127 S.Ct. 910, 921 (2007), and Defendants have properly and timely raised this defense.

A copy of the Inmate/Resident Grievance Procedure for NFCF, Policy 14-5, is attached to the CCA Defendants' Motion as Exhibit 1.  The policy delineates a three-step process.  First, the inmate must submit a "Grievance Worksheet," Form 14-5C, within five days of the date of the alleged incident   The inmate is instructed to place the completed grievance worksheet in one of the "Grievance Boxes."  The "Grievance Officer" logs the grievance worksheet and distributes it to the appropriate Unit Manager who has three days to meet with the inmate and complete the grievance worksheet.  The completed grievance worksheet is then submitted to the grievance office.  If the issue is not resolved, the inmate must submit a "Formal Grievance," Form 14-5A.  *See* CCA Defendants' Motion, Exhibit 1 at 2.  A formal grievance must be filed within 7 days of the date of the alleged incident. *Id.* at 5.[6]  An inmate can submit a formal grievance by depositing it in one of the grievance

---

[6] The procedure contemplates completion of the Grievance Worksheet before a formal grievance is filed, but completion of the informal resolution process is not specifically required prior to submitting a formal grievance.

boxes or by sending it directly to the grievance office. The grievance officer is charged with the duty to investigate the incident and render a decision within 15 days of receipt of a formal grievance. If the inmate is not satisfied with the decision, he may submit an appeal to the warden within 5 days of receiving the decision from the grievance officer. The time periods established for the formal grievance process exclude weekends and holidays. *Id*.

The NFCF Grievance Log for July 3, 2006, through September 21, 2006, is attached to Defendants' Motion as Exhibit 2. The log has several notations of grievances submitted by Plaintiff, but none of them concern the attack initiated by Inmate Smith, and none were filed within the time periods specified in Policy 14-5, relative to the date of the incident. In his Response, Plaintiff states that he filed a prisoner grievance on August 31, 2006, and that he filed a grievance worksheet on July 24, 2006. The Grievance Log has no notation regarding a grievance worksheet submitted July 24, 2006. The Grievance Log indicates that Plaintiff filed two grievances on August 30, 2006, one regarding inmate property and one regarding indigent mail. There is no notation in the Grievance Log regarding a grievance filed August 31, 2006. Even if Plaintiff submitted a grievance on that date, the grievance would not have been submitted within the seven-day limit established by the grievance procedure. Likewise, the letter sent to Defendants on October 9, 2006, after Plaintiff had transferred from NFCF, was also submitted after the seven-day time limit had expired. *See* Plaintiff's Response, Exhibit A. Moreover, the grievance procedure provides that any grievance not submitted on Form 14-5A "may be rejected[.]" CCA Defendants' Motion, Exhibit 1 at 7.

The Exhibits filed with the CCA Defendants' Motion and Plaintiff's Response establish that no disputed material fact exists regarding the affirmative defense asserted by the CCA Defendants. It is therefore recommended that claims against the CCA Defendants be dismissed based on Plaintiff's failure to exhaust administrative remedies.

## RECOMMENDATION

It is recommended that the Motion to Dismiss filed on behalf of Defendants CCA, Figueroa, and Crouse [Doc. #19] be construed as a motion for summary judgment as to their affirmative defense of failure to exhaust administrative remedies and that all claims against these Defendants be dismissed on that basis. It is further recommended that the Motion to Dismiss submitted on behalf of Defendant NFCF [Doc. #24] be granted. Finally, it is recommended that Plaintiff's Motion to Dismiss Defendants Galindo and Smith [Doc. #26] be granted.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by October  14th , 2008. *See* LCvR72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this   22nd   day of September, 2008.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE