**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| GERALD DAVID SHUPE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-08-224-HE |
| | ) | |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA (CCA), et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Gerald David Shupe, Jr., a state prisoner appearing *pro se* and *in forma pauperis*, instituted this action pursuant to 42 U.S.C. § 1983 asserting violations of his constitutional rights. Consistent with 28 U.S.C. §636(b)(1)(B) and (C), the matter was referred for initial proceedings to Magistrate Judge Valerie K. Couch. She has recommended that the court grant the plaintiff's motion to dismiss defendants Galindo and Smith, who have not been served, and defendant North Fork Correctional Facility's motion to dismiss. She also recommends that the motion to dismiss filed by defendants Corrections Corporation of America, Figueroa and Crouse ("CCA defendants") be treated as a motion for summary judgment and that all claims against those defendants be dismissed based on the plaintiff's failure to exhaust his administrative remedies.[1]

The parties failed to object to the Report and Recommendation and thus waived their right to appellate review of the factual and legal issues it addressed. United States v. One

---

[1] The magistrate judge construed the CCA defendants' motion as one for summary judgment with respect to their affirmative defense of failure to exhaust administrative remedies because they attached materials outside the pleadings to support it.

<u>Parcel of Real Property</u>, 73 F.3d 1057, 1059-60 (10th Cir. 1996); *see* 28 U.S.C.§636(b)(1)(C); LCvR72.1.

Accordingly, the court adopts Magistrate Judge Couch's Report and Recommendation. The plaintiff's motion to dismiss defendants Galindo and Smith and defendant North Fork Correctional Facility's motion to dismiss are **granted**. The motion to dismiss filed by defendants Corrections Corporation of America, Figueroa and Crouse is treated as a motion for summary judgment with respect to their exhaustion defense and is **granted**. All claims against those defendants are dismissed based on the plaintiff's failure to exhaust his administrative remedies.

**IT IS SO ORDERED**.

Dated this 21st day of October, 2008.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE